United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MALINKA TACUMA WADE MOYE,

    Plaintiff,

  v.

CITY AND COUNTY OF SAN FRANCISCO,

    Defendant.
                              /

No. C 09-03892 WHA
No. C-09-03895 WHA
No. C-09-03896 WHA
No. C-09-03897 WHA
No. C-09-03899 WHA
No. C-09-03900 WHA
No. C-09-03902 WHA

**ORDER TO SHOW CAUSE**

On August 25, 2009, plaintiff Malinka Moye filed at least 10 actions in the Northern District of California, including the 7 above-captioned actions before the undersigned. The 10 actions are as follows:

| | |
|---|---|
| C-09-3892 WHA | Malinka Moye v. City and County of San Francisco |
| C-09-3893 MHP | Malinka Moye v. Derrick Collins, Vince Collins, et al. |
| C-09-3895 WHA | Malinka Moye v. Ratana Jiraittewanna |
| C-09-3896 WHA | Malinka Moye v. Red Oak Realty et al. |
| C-09-3897 WHA | Malinka Moye v. Lydia Dianne Baca and Rachale Young |
| C-09-3898 EDL | Malinka Moye v. Big Nates Barbeque, et al. |
| C-09-3899 WHA | Malinka Moye v. Myriad Ventures Inc. d/b/a Bay Car Stereo |
| C-09-3900 WHA | Malinka Moye v. La Donna Rewa Duncan |
| C-09-3901 JCS | Malinka Moye v. Fidelity National Title Co. |
| C-09-3902 WHA | Malinka Moye v. Lydia Dianne Baca |

In addition to these 10 actions, plaintiff Moye has filed at least 9 other actions in this district since April 2008, including:

| | |
|---|---|
| C-08-2051 PJH | Malinka Moye v. Vince Collins, et al. |
| C-08-2053 WHA | Malinka Moye v. La Donna Rewa Duncan |
| C-08-2054 JL | Malinka Moye v. Nate Thurmond |
| C-08-2055 MEJ | Malinka Moye v. Jack Chew |
| C-08-2056 PJH | Malinka Moye v. Ratana Jiraittewanna |
| C-08-2057 VRW | Malinka Moye v. Myriad Ventures Inc. d/b/a Bay Car Stereo |

1   C-08-2125 WHA    Malinka Moye v. Linda Brewer Stockdale
    C-08-2124 SBA    Malinka Moye v. Lydia Baca
2   C-08-2126 SBA    Malinka Moye v. City and County of San Francisco, et al.

In each of these actions, plaintiff has sought to proceed *in forma pauperis*. In many, his application to proceed *in forma pauperis* was denied and the complaint was dismissed. Eight of the actions filed on August 25 remain on the docket. The "facts" alleged in the complaints in each of the 18 actions listed above have been no more than a paragraph consisting of short, incomplete and incomprehensible sentences. Additionally, the complaints fail to provide enough information to determine if any basis for federal jurisdiction exists. While some of the underlying facts alleged in plaintiff's cases have differed slightly, to the extent they are comprehensible at all most of the actions appear to seek (or sought) relief primarily for an alleged illegal transfer of an estate, false imprisonment, robbery and attempted murder, and/or conspiracy to commit murder, aided by, among others,/ the San Francisco courts, San Francisco Police Department, San Francisco Sheriff Department, and Office of Public Defender.

The e-filing docket of the San Francisco Superior Court lists plaintiff as a party in approximately 80 actions of various types, filed beginning in March 2002. Most of these actions were filed by plaintiff, and many of the defendants have the same names as the defendants in the actions filed in this district. On August 11, 2006, in one of these actions, *Malinka Moye v. Lydia Baca*, Case No. CGC-06-450461, plaintiff was declared a vexatious litigant pursuant to California Code of Civil Procedure §§ 391.1, 391.3 and 391.7(a), and ordered not to file any new litigation in any California state court without first obtaining leave of court.

A district court must dismiss an *in forma pauperis* complaint *sua sponte* if a complaint is frivolous or wholly without merit or fails to name a proper defendant. 28 U.S.C. 1915(e)(2); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Where the complaint alleges facts that are "clearly baseless," "fanciful," "fantastic," or "delusional" it may be dismissed as frivolous. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). If a pro se plaintiff can cure the factual allegations in order to state a claim, the court

must give him leave to do so. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). However, if repleading cannot cure the deficiencies the court may dismiss without leave to amend, and even dismiss with prejudice. *See Cato*, 70 F.3d at 1106.

Federal courts have the inherent power to regulate the activities of vexatious litigants. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Under the power of 28 U.S.C. 1651(a), courts may restrict litigants with abusive and lengthy histories from filing further actions. A court may restrict such litigants' future filing of actions or papers provided that it (1) gives the litigant an opportunity to oppose the order before it is entered, (2) creates an adequate record for review, (3) makes substantive findings as to the frivolous or harassing nature of the litigant's actions, and (4) drafts a sufficiently tailored order. *Id.* at 1145–48.

Here, it appears from the complaint that plaintiff's claims are clearly frivolous and without merit. When plaintiff's claims are dismissed, he does not appeal, but simply files another case, or several more cases. Accordingly, plaintiff Malinka Moye must appear before this Court on **OCTOBER 22, 2009 AT 8:00 A.M.**, to respond to the following order to show cause. Additionally, plaintiff must file a written response no later than **OCTOBER 13, 2009, AT NOON** addressing the following questions:

1. Why the complaints in the above-captioned actions should not be dismissed for failure to state a claim.

2. Why plaintiff should not be declared a vexatious litigant and barred from filing further actions in the Northern District of California with respect to these defendants or substantially similar claims without pre-filing review.

**IT IS SO ORDERED.**

Dated: October 6, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE