United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MALINKA TACUMA WADE MOYE,

    Plaintiff,

  v.

CITY AND COUNTY OF SAN FRANCISCO, *et al.*

    Defendants.
                                   /

No. C 09-03892 WHA
No. C-09-03895 WHA
No. C-09-03896 WHA
No. C-09-03897 WHA
No. C-09-03899 WHA
No. C-09-03900 WHA
No. C-09-03902 WHA

**ORDER DISMISSING COMPLAINTS**

       On August 25, 2009, plaintiff filed the seven above-captioned actions. The "facts" alleged in each of the complaints consist of short, incomplete and ungrammatical sentences. While some of the underlying facts alleged in each action differ slightly, to the extent they are comprehensible at all they allege an illegal transfer of an estate, false imprisonment, robbery and attempted murder and/or conspiracy to commit murder, all aided by the San Francisco courts, San Francisco Police Department, San Francisco Sheriff Department and Office of the Public Defender, among others. None of the complaints comprehensibly states the basis for any of plaintiff's claims.

       Other than the brief sentence fragments described above, there is nothing in any of the complaints that states where events occurred giving rise to plaintiff's claims, when they occurred or how plaintiff has any basis for bringing these claims. Each of the complaints asserts that jurisdiction is predicated on 28 U.S.C. 1332, which codifies jurisdiction based on diversity of citizenship. Other than the amount in controversy, however, there are no facts alleged in any of the complaints that set forth the citizenship of the various parties such that

1  diversity jurisdiction can be established. The other federal statutes cited by plaintiff are not
2  ones that give rise to private civil claims. Thus, the complaints each fail to show either
3  diversity or federal question jurisdiction on their face and must be dismissed.

4  A district court may dismiss a complaint *sua sponte* if federal subject matter jurisdiction
5  is lacking or if a complaint is frivolous. *See* 28 U.S.C. 1915(e)(2); *Cato v. United States* 70
6  F.3d 1103, 1106 (9th Cir. 1995). A complaint is frivolous if it "lacks an arguable basis either in
7  law or in fact." *Neitzke v. Williams* 490 U.S. 319, 325 (1989) (superceded on other grounds by
8  reason of adoption of section 1915(e) which makes dismissal for failure to state a claim
9  mandatory). Where a complaint alleges facts that are "clearly baseless," "fanciful" or
10 "delusional" it may be dismissed as frivolous. *Denton v. Hernandez* 504 U.S. 25, 32–33 (1992).
11 If a pro se plaintiff can cure the factual allegations in order to state a claim, he must be given
12 leave to do so. *Lopez v. Smith* 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). However, if
13 repleading cannot cure the deficiencies, the complaint may be dismissed without leave to
14 amend. *See Cato*, 70 F.3d at 1106.

15 On October 6, 2009, plaintiff was ordered to show cause why his complaints in the
16 seven above-captioned actions should not be dismissed for failure to state a claim. Although he
17 was given two chances, he did not file a responsive answer.

18 This order finds that plaintiff could not amend any of the seven above-captioned
19 complaints so as to state a plausible claim or one over which the Court would have jurisdiction.
20 Each of the complaints is therefore **DISMISSED WITHOUT LEAVE TO AMEND**. The Clerk of
21 Court shall close the files.

23 **IT IS SO ORDERED.**

25 Dated: October 27, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2